UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES FORTUNE,<br><br>                          Plaintiff,<br><br>  - against -<br><br>POPDUST, INC.<br><br>                         Defendant. | Docket No. 1:17-cv-4163<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff James Fortune ("Fortune" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Popdust, Inc. ("Popdust" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of an iconic copyrighted photograph of American actress and singer Cher and American musician Gene Simmons owned and registered by Fortune, a legendary music photographer. Accordingly, Fortune seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Fortune is a well known professional music photojournalist having a usual place of business at 12420 N. Oaks Drive, Ashland, Virginia 23005. Fortune has photographed rock and roll icons such as Mick Jagger, Paul McCartney, Robert Plant, Jim Morrison, Elton John and many others others. His photographs have appeared in galleries around the world and won numerous awards.

6. Upon information and belief, Popdust is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 6 West 20th Street, New York, New York 10011. Upon information and belief, Popdust is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Popdust has owned and operated a website at the URL: www.Popdust.com (the "Website").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

7. Fortune photographed American actress and singer Cher and American musician Gene Simmons (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Fortune is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with US Copyright Office and was given Copyright Registration Number VAu 477-427.

**B. Defendant's Infringing Activities**

10. Upon information and belief, on February 14, 2014, Popdust ran an article on the Website entitled *Iconic Rock Romance Photos That Will Tug At Your Valentine's Day Heartstrings*. See https://www.popdust.com/iconic-rock-romance-photos-that-will-tug-at-your-valentines-day-hearts-1889836260.html. The article prominently featured the Photograph. A screen shot of the article with the Photograph is attached hereto as Exhibit B.

11. Popdust did not license the Photograph from Plaintiff for its article, nor did Popdust have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST POPDUST)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Popdust infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Popdust is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Popdust have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Popdust be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       June 4, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff James Fortune*